■ Leo Broat, Respondent, v. Anna Saperstein, Appellant.— Judgment and order reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. The finding of the jury that a dangerous condition existed upon the premises is against the weight of the evidence. Bergan, P. J., Herlihy and Reynolds, JJ., concur; Gibson and Taylor, JJ., dissent and vote to affirm.

■ In the Matter of the Arbitration between Local 584, Bartenders & Hotel & Restaurant Employees Union A. F. L.–C. I. O., Appellant, and Edison Club, Respondent.— In the respondent employer's labor contract with the petitioner union it was agreed that "the interpretation" or "application" of a "provision of" the contract was the subject of arbitration. The union has demanded arbitration in disputes as to whether one of its members should be paid as a receiving clerk or stockman and whether another member should be paid higher than the intermediate janitor's rate for regular janitor. The classifications and the rates for regular janitor at various levels and the classifications and rate for receiving clerk are all set forth in the contract. The application and interpretation of the contract are within the agreement to arbitrate and the arbitration should proceed. (Matter of Grayson-Robinson Stores, 8 N Y 2d 133, 138; Matter of Sealtest Foods Division [Milk, Ice Cream Drivers & Dairy Employees, Local No. 787], 18 A D 2d 947; see Steelworkers v. American Mfg. Co., 363 U. S. 564, 566–568.) Order denying petitioner's application reversed and application granted, with $10 costs. Bergan, P. J., Gibson, Herlihy and Reynolds, JJ., concur.